Granted. Defendant Yeshayahu Zidele's Answer is due by no later than August 17, 2026. No extensions will be given. The Clerk of Court is respectfully requested to terminate the pending Motion at Dkt. No. 12.

SO ORDERED.

8/3/2026

**U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LORI CHAVEZ-DEREMER, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>BONAMOUR HEALTH GROUP, LLC; BONAMOUR HEALTH GROUP HEALTH PLAN; YESHAYAHU ZIDELE AKA SHAYA ZIDELE; MORDECHAI ZIDELE AKA MORDECAI ZIDELE AKA MICHAEL ZIDELE,<br><br>Defendants. | DOCKET NO. 7:25-cv-10082-KMK<br><br>**MOTION TO VACATE CLERK'S CERTIFICATE OF DEFAULT ISSUED TO DEFENDANT YESHAYAHU ZIDELE** |

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, Defendant Yeshayahu Zidele ("Defendant Shaya"), by and through the undersigned counsel, respectfully moves this Court to vacate Clerk's Certificate of Default entered against him in this action on March 4, 2026, and allow this case to proceed on the merits to ensure justice is served through a full adjudication of the claims and defenses in this matter. The accompanying Affirmation of Defendant Shaya ("Zidele Aff.") and a Memorandum of Law are being filed in support of this Motion.

As grounds for this Motion, Defendant Shaya states as follows.

1. On December 4, 2025, Plaintiff Lori Chavez-Deremer, Secretary Of Labor, United States Department of Labor ("Plaintiff" or "the Secretary") filed a Complaint against the above-named defendants, including Defendant Shaya, in this Court. (CM/ECF Document 1).

2. According the Affidavit of Service filed in this case, to Defendant Shaya was served with the Complaint on January 29, 2026. (CM/ECF Document 6).[1] Hence, a response was due by February 19, 2026.

3. On March 4, 2026, a Clerk's Certificate of Default issued, to Defendant Shaya.[2] (CM/ECF Document 10).

4. A Default Judgment has not been entered.

5. Until very recently, Defendant Shaya was unrepresented. (Zidele Aff. ¶¶ 4, 5). Promptly after he learned of the contents of the Complaint, he tried to retain counsel. To do so, he communicated with several attorneys, but they were either unwilling or unable to take on the case. (*Id*. at 4). He finally retained the firm of Gulko Schwed LLP on or about March 18, 2026. (*Id*. at 5).

6. The undersigned counsel entered an appearance until March 19, 2026. (CM/ECF Document 11). This was done approximately one day after the firm was retained by Defendant Shaya.

7. Thus, Defendant Shaya's delay in appearing in this Court was about four weeks, which is a very brief delay.

8. Until Defendant Shaya began working in the nursing home business in 2022, he had never been sued before. Since there, a number of proceedings have been filed, which he finds very distressing and confusing. (Zidele Aff. ¶¶ 10, 11).

---

[1] It should be noted that the Affidavit of Service was not clear whether he was being served in his own capacity or representative of the Corporation or the Plan, and the Court Docket only lists the two entities. *See* CM/ECF Documents 6-1 and entry 6-2.

[2] A Clerk's Certificate of Default was also issued to Defendants Bonamour Health Group, LLC and Bonamour Health Group Health Plan. However, since the undersigned counsel represent only Defendant Shaya, this motion only relates to him.

9. Defendant Shaya disagrees with many statements and characterizations set forth in the Complaint. A few examples are listed in his Affirmation as follows:

a. The characterization that he "ran the show" as described in Paragraph 17;

b. The description of his role in other entities, as described in Paragraph 18;

c. The description of the payment mechanism, as listed in several places in the Complaint;

d. The claim that he was not forthright with the Plan's participants, as alleged in Paragraph 31.

e. That his actions were imprudent, as alleged in the Complaint.

(Zidele Aff., ¶ 7).

10. Thus, he his has meritorious defenses, which the Court should consider.

11. The undersigned Counsel communicated with Counsel for the Secretary about this Motion, and they responded that they do not have a position about it.

12. Based on the above, together with the accompanying Affirmation and Memorandum of Law, Defendant Shaya's delay was brief and not willful, he has meritorious defenses, and the Secretary will not be prejudiced by vacatur.

WHEREFORE, Defendant Yeshayahu Zidele respectfully requests that this Court:

1. Grant this Motion to Vacate Entry of Default;
2. Vacate the entry of default entered on March 4, 2026;
3. Permit Defendant Yeshayahu Zidele to file an Answer or other responsive pleading to the Complaint;
4. Grant such other and further relief as the Court deems just and proper.

Dated: March 27, 2026

Respectfully submitted,

By: /s/ *Channah S. Broyde*
Channah S. Broyde, Esq.
GULKO SCHWED LLP
525 Chestnut Street, Suite 209
Cedarhurst, New York 11516
212.634.7927
cbroyde@gulkoschwed.com

*Attorneys for Defendant Yeshayahu Zidele aka Shaya Zidele*