**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

KEITH SONDERLING, Secretary of Labor, United States Department of Labor,[1]

Plaintiff,

v.

BONAMOUR HEALTH GROUP, LLC; BONAMOUR HEALTH GROUP HEALTH PLAN; YESHAYAHU ZIDELE AKA SHAYA ZIDELE; and MORDECHAI ZIDELE AKA MORDECAI ZIDELE AKA MICHAEL ZIDELE,

Defendants.

Civil Action No. 7:25-cv-10082 (KMK)

**<u>~~PROPOSED~~ DISCOVERY PROTECTIVE ORDER</u>**

The Court having been informed that all Parties agree to entry of this Discovery Protective Order ("Order"), that discovery in the above-captioned action is likely to involve the disclosure of confidential business information, private personally identifying information, as well as Confidential Health Information protected by the Health Insurance Portability and Accountability Act of 1996 and parallel state privacy laws, and for good cause shown, it is hereby ordered that the Parties may protect against the disclosure of personal identifying information and sensitive, Confidential Health Information contained in documents produced in the course of discovery, in discovery responses, pleadings, affidavits, deposition transcripts, or testimony, in the manner set forth below. In entering this Order, the Court also hereby authorizes the Parties to produce, in accordance with the provisions governing Confidential Health Information in this Order,

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Secretary of Labor Keith Sonderling is automatically substituted as Plaintiff.

Case 7:25-cv-10082-KMK Document 23 Filed 10/21/26 Page 2 of 20

documents regarding the denial of claims at issue in this action.

1. This Order shall govern any record of information or materials produced in this action pursuant to Federal and Local Rules of Civil Procedure, including, but not limited to, all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents, excerpts from documents, and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery. This Order shall also govern any designated record of information or materials produced in this action pursuant to required disclosures under any federal procedural rule or local rule of the Court and any supplementary disclosures thereto.

2. The term "Confidential Information" shall mean any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets or other confidential research, development, or commercial information; (b) that contains private or confidential personal information; or (c) that contains information received in confidence from third parties. All documents produced by a party that contain Confidential Information shall not be used by any party to the litigation for any purpose other than the litigation, except as provided by paragraph 34.

3. "Confidential Health Information" shall constitute a subset of Confidential Information, and shall be designated as Confidential and subject to all other terms and conditions governing the treatment of Confidential Information. Confidential Health Information shall mean information supplied in any form, or any portion thereof, that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of health care

Case 7:25-cv-10082-KMK Document 23 Filed 10/21/26 Page 3 of 20

to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber. Confidential Health Information includes, but is not limited to, medical bills, claims forms, claim data, grievances or appeals, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, requests, and other documents or records that contain any patient health information required to be kept confidential under any local, state, or federal law, including 45 C.F.R. Parts 160 and 164 promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 (*see* 45 C.F.R. §§ 164.501 & 160.103), and the following subscriber, patient, or member identifiers:

a. Names;
b. All geographic subdivisions smaller than a state, including street address, city, county, precinct, and zip code;
c. All elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;
d. Telephone numbers;
e. Fax numbers;
f. Email addresses;
g. Social Security Numbers;
h. Medical record numbers;
i. Health plan beneficiary numbers;
j. Account numbers;
k. Certificate/license numbers;
l. Vehicle identifiers and serial numbers, including license plate numbers;
m. Device identifiers and serial numbers;
n. Web universal resource locators ("URLs");
o. Internet protocol ("IP") address numbers;
p. Biometric identifiers, including finger and voice prints;
q. Full face photographic images and any comparable images; and/or
r. Any other unique identifying number, characteristic, or code.

All documents produced by a party that contain Confidential Health Information shall not be used by any party to the litigation for any purpose other than the litigation, except as provided by paragraph 34.

4. This Order shall apply to the Parties and any third parties that produce documents

Case 7:25-cv-10082-KMK Document 23 Filed 10/21/26 Page 4 of 20

and information during the above-captioned litigation to the extent they are subject to this Court's jurisdiction or subpoena authority. The Parties agree that they will treat Confidential Information produced by third parties according to the terms of this Order.

5. Any party to this litigation and any third party shall have the right to designate its own documents, information, data, or thing, or any materials produced by any other party or third party in this action, as "Confidential," and subject to this Order any information, document, or thing, or portion of any document or thing that falls within this category, as defined below. The party or third party making the designation shall be considered the "Designating Party." All such information, documents, excerpts from documents, and other materials will constitute "Designated Material" under this Order.

6. Nothing herein shall affect the right of the Designating Party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, information that was created by the Designating Party, that came into the Designating Party's possession in the ordinary course of its business, or, in the case of Plaintiff, that came into Plaintiff's possession through the regular conduct of enforcement investigations. Such disclosure shall not waive the protections of this Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure the information becomes public knowledge. However, a Designating Party's disclosure of information it marks as confidential to third parties may be considered by the Court in evaluating a challenge to the confidential designation of that material. Similarly, the Order shall not preclude a Designating Party from showing to its officers, directors, employees, attorneys, consultants or experts, or to any other person any information filed under seal that was created by that Designating Party, that came into the Designating Party's possession in the ordinary course of its business, or, in the case of Plaintiff,

Case 7:25-cv-10082-KMK Document 23 Filed 10/21/25 Page 5 of 20

that came into Plaintiff's possession through the regular conduct of enforcement investigations.

7. In addition to the other limitations on use of Confidential Information set forth in paragraph 3, the Designating Party may, but is not required to, redact the above identifiers or take other suitable precautions in order to protect the privacy of its members, subscribers, or patients.

8. The term "Expert" shall refer to any person who is not a party to this action or not presently employed by the receiving party or a company affiliated through common ownership, who has been designated by the receiving party as an expert to receive another party's Confidential Information, including Confidential Health Information. Each Party's Experts shall be limited to such persons as, in the judgment of that Party's counsel, are reasonably necessary for development and presentation of that Party's case. These persons include outside experts or consultants retained to provide technical or other expert services, such as expert testimony, or otherwise assist in trial preparation.

9. Designated Material shall be used or disclosed by the receiving party solely for purposes of the prosecution or defense of this litigation and shall not be used by the receiving party for any other purpose, including any other investigation, except as provided by paragraph 34. Subject to the provisions of paragraph 34, Designated Material may be disclosed to only the following recipients (collectively "Qualified Recipients"), unless the restrictions herein are removed either by written agreement of counsel for the Parties, or by order of the Court:

a. *Parties:* Material designated Confidential may be disclosed to Parties to the litigation or representatives, directors, officers, and employees of Parties to the litigation, who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the litigation for trial or settlement. Each party is responsible for making its own determination as to which of its

representatives, directors, officers, and employees have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the litigation for trial or settlement.

b. *Witnesses or Prospective Witnesses:* Designated Material may be displayed or disclosed to a witness or prospective witness in this litigation who is already aware of the subject matter of the Designated Material, but only for purposes of testimony or preparation of testimony in this case, whether at trial, hearing, or deposition, but it may not be retained by the witness or prospective witness. Before Designated Material is displayed or disclosed for this purpose to any witness or prospective witness who is not a Party, as defined in paragraph 8(a), counsel must confirm that the witness or prospective witness is aware of the subject matter of the Designated Material, and each such person must agree to be bound by this Order, by signing the Agreement to Be Bound in the form attached at Appendix A.

c. *Experts:* Designated Material may be disclosed to an Expert for the purpose of obtaining assistance in the litigation. Before Designated Material is displayed, discussed, or disclosed for this purpose, each such person must agree to be bound by this Order by signing the Agreement to Be Bound in the form attached at Appendix A.

d. *Counsel:* Plaintiff may disclose Designated Material to counsel for Plaintiff and employees who have responsibility for this action. Defendants Bonamour Health Group, LLC; Bonamour Health Group Health Plan; Yeshayahu "Shaya" Zidele; and Mordechai "Michael" Zidele (collectively, "Defendants") may disclose Designated Material to outside counsel of record and in-house counsel for Parties to this litigation and their associates, paralegals, and regularly employed office staff.

Case 7:25-cv-10082-KMK Document 23 Filed 10/21/26 Page 7 of 20

e. *Litigation Vendors:* Designated Material may be provided as necessary to copying services, translators, e-discovery firms, and litigation support firms needed to assist a party or counsel in this litigation. Before Designated Material is displayed, discussed, or disclosed for this purpose, each such person must agree to be bound by this Order by signing the Agreement to Be Bound in the form attached at Appendix A.

f. *Authors or Recipients:* Designated Material may be provided as necessary to the persons listed on the document as authors or recipients (including copyees).

g. *Designated Arbitrators or Mediators:* Upon agreement of the Parties, Designated Material may be provided as necessary to any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff. Before Designated Material is displayed, discussed, or disclosed to any such arbitrator or mediator, each such person must agree to be bound by this Order by signing the Agreement to Be Bound in the form attached at Appendix A.

h. *Stenographers and Videographers:* Upon agreement of the Parties, Designated Material may be provided as necessary to stenographers and videographers engaged to transcribe or record depositions conducted in this action. Before Designated Material is displayed, discussed, or disclosed, each such person must agree to be bound by this Order by signing the Agreement to Be Bound in the form attached at Appendix A.

i. *Court and Court Personnel:* Designated Material may be provided to the Court and its support personnel, and such disclosures shall be in accordance with the Court's filing procedures when made through a filing and in accordance with the procedures outlined in paragraph 17 when made at any hearing or trial.

Case 7:25-cv-10082-KMK Document 23 Filed 10/21/26 Page 8 of 20

j. *Stipulated Persons:* Designated Material may be disclosed to any other persons agreed to in writing by the producing party.

10. Prior to disclosing or displaying any Designated Material to Qualified Recipients, counsel shall:

a. Inform the person of the confidential nature of the Designated Material; and

b. Inform the person that this Court has enjoined the use of the Designated Material by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

11. All Qualified Recipients shall hold Designated Material received from the disclosing party in confidence; shall use the information only for purposes of this action and for no other action; shall not use it for any business or other commercial purpose, or for any other purpose other than this litigation; and shall not disclose it to any person, except as hereinafter provided, including as set forth in paragraph 34. All information that has been designated Confidential shall be carefully maintained so as to preclude access by persons who are not qualified to receive such information under the terms of this Order.

12. Counsel shall maintain a collection of executed Agreements to Be Bound for a period of three years from the termination of this action, including the resolution of any appeal. No later than 30 days from the termination of this action, including the resolution of any appeals, counsel shall notify all persons who executed an Agreement to Be Bound that the action has been terminated.

13. Documents and things produced or furnished during the course of this action, by either parties or third parties, shall be designated as Confidential by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

Case 7:25-cv-10082-KMK Document 23 Filed 10/21/26 Page 9 of 20

**Confidential**. Material for which such stamping or marking is impractical shall be designated by the Designating Party in a reasonably equivalent way (*e.g.*, by letter identifying the Bates number and designation). As to production of documents by inspection, the Parties agree that inspection by Qualified Recipients shall not waive the protections of this Order.

14. A producing party shall designate its discovery responses, responses to requests for admission, briefs, memoranda, and all other papers served on opposing counsel as containing Confidential Information when such papers are served. However, an inadvertent failure to make a designation in accordance with this provision shall not constitute a waiver of the right to seek confidential treatment.

15. Any Party submitting to the Court any briefs, memoranda, discovery requests, requests for admission, or other papers of any kind which contain Confidential Information, shall appropriately designate the Confidential Information and shall treat it accordingly, including by filing the information under seal in compliance with this Court's Standing Order M10-468 regarding Procedures for Access to and Service of Sealed Documents, and Section 6 of this Court's Electronic Case Filing Rules (Feb. 2, 2026). A producing party's inadvertent failure to make a designation and apply for a sealing order in accordance with this provision shall not constitute a waiver of the right to make an application for a sealing order.

16. Deposition transcripts or portions thereof may be designated as Confidential either (a) when the testimony is given by the witness during the deposition; or (b) by written notice to all counsel of record, given within thirty days after the Designating Party's receipt of the transcript in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Party. Prior to expiration of the thirty days, the deposition transcript shall be treated as

Case 7:25-cv-10082-KMK Document 23 Filed 10/21/26 Page 10 of 20

Confidential. When testimony is designated during a deposition, the Designating Party may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 8 of this Order. Any party may mark Designated Material as a deposition exhibit, provided the deposition witness is one to whom the exhibit may be disclosed under paragraph 8 of this Order and Appendix A and related transcript pages receive the same confidentiality designation as the original Designated Material.

17. Nothing in this Order shall be construed to limit the Parties' presentation of evidence in dispositive motion practice, at a hearing, or at trial. A Party that intends to present Designated Materials as evidence shall provide written notice to all other Parties of its intent to use such evidence at least 14 days in advance of submission of the evidence in a dispositive motion, hearing, or trial, or by any other deadline ordered by the Court. Any other party may then file an appropriate motion with Court to limit access to the materials. The Court may thereafter make such orders as are necessary to govern the use of Designated Materials in dispositive motions, at a hearing, or at trial. The Designating Party shall carry the burden of demonstrating that the Designated Material or Confidential Information to be presented as evidence should be subject to confidential treatment as provided by this Order.

18. The Parties will use reasonable care to avoid designating documents or information that does not need to be designated as Confidential or that is generally available to the public. Additionally, no information that is already known by the receiving party through proper means or which is or becomes available to a party from a source, other than the Designating Party, rightfully in the possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential Information. The Parties agree that all materials produced by any of the Defendants to Plaintiff before the filing of the complaint and designated "confidential," "FOIA

exempt," "Confidential Treatment Required," or any similar designation shall be treated as Confidential Information under this Order. Any of the Parties can seek to modify such designation through the process for challenges provided in paragraph 21 of this Order.

19. All documents, including attorney notes and abstracts, that contain another party's Designated Material shall be handled as if they were designated pursuant to paragraph 3.

20. Any party may designate as Confidential any document that is produced or disclosed without such designation by any third party, within thirty days of production of such document (or such other time as may be agreed), provided that such document contains Confidential Information of a Designating Party, in the following manner:

a. Parties to the litigation may designate such document by sending written notice of such designation, accompanied by copies of the designated document bearing the stamp or marking, to all other parties in possession or custody of such previously undesignated document or by reference to a Bates number of the document.

b. Upon notice of designation pursuant to this paragraph, Parties shall:

(i) Make no further disclosure of such designated document or information contained therein except as allowed under this Order;

(ii) Take reasonable steps to notify any persons who were provided copies of such designated document of the terms of this Order; and

(iii) Take reasonable steps to reclaim any such designated document in the possession of any person not permitted access to such information under the terms of this Order.

21. At any time after the delivery of Designated Material, counsel for the party receiving the Designated Material may challenge the designation of all or any portion thereof by providing written notice to counsel for the Designating Party.

Case 7:25-cv-10082-KMK Document 23 Filed 10/21/26 Page 12 of 20

a. Such written notice shall identify the specific document or documents by Bates number and the basis for the Party's objection to the designation of the document(s) as Designated Material.

b. Within fourteen days of service of such written notice, counsel for the Designating Party shall provide a written response, stating with particularity the grounds for designating each specific document or documents as Designated Material. The Designating Party shall have the burden of establishing that the disputed documents are entitled to confidential treatment.

c. Counsel shall then promptly confer in good faith in an effort to resolve the dispute.

d. If the Parties are unable to agree as to whether the designation of discovery material is appropriate within fourteen days of service of the Designating Party's written response described in paragraph 20(b), the Designating Party shall file a motion for protective order.

e. If the Designating Party does not file a motion for protective order within the time period prescribed by paragraph 21(d), the Designated Material in dispute shall no longer be subject to confidential treatment as provided in this Order.

22. All Designated Material is entitled to treatment pursuant to the terms of this Order until and unless the Parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court.

23. If any receiving party is subpoenaed in another action or proceeding or served with a document or testimony demand or a court order, and such subpoena or demand or court order seeks Designated Material, the receiving party shall give prompt written notice to counsel for the

Case 7:25-cv-10082-KMK Document 23 Filed 10/21/26 Page 13 of 20

Designating Party and allow an opportunity to oppose such subpoena or demand or court order prior to the deadline for complying with the subpoena or demand or court order. No compulsory disclosure to third parties of information or material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction. Nothing herein shall be construed as requiring the receiver to challenge or appeal any order requiring production of the Confidential Information, or subject himself or herself to any penalties for noncompliance with any legal process or order, or to seek any relief from the court.

24. Production of documents in this case will not, in and of itself, constitute a waiver of exemptions to disclosure under the Freedom of Information Act.

25. Within sixty days after the final disposition of this action, including through all appeals, each Party and each other person subject to the terms hereof shall be under an obligation to destroy or return to the producing party all materials and documents containing Designated Material, excepting any Designated Material that was produced by Defendants to Plaintiff prior to the filing of the complaint, and to certify to the producing party such destruction or return; provided, however, that return or destruction of Designated Material by the Department of Labor (the "Department") would not violate any applicable policy, regulation, or law, including, but not limited to, the Freedom of Information Act and Federal Records Act, and further provided that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provision of this Order so long as such materials are kept confidential in accordance with the terms of this Order and applicable law. Any return or destruction shall not relieve said parties or persons from any of the continuing obligations imposed upon them by this Order.

Case 7:25-cv-10082-KMK Document 23 Filed 10/21/26 Page 14 of 20

26. This Court shall retain continuing jurisdiction beyond the conclusion of this litigation, including without limitation during any appeal, to enforce the provisions of this Order, pursuant to its contempt powers and with all other powers provided for in this Order.

27. Inadvertent production of Designated Material prior to its designation as such in accordance with this Order shall not be deemed a waiver of a claim of confidentiality. Any such error shall be corrected within a reasonable time by notifying the receiving parties of the designation of the material in writing. The receiving parties shall take reasonable steps to see that the information is treated in accordance with the designation, including taking all commercially reasonable steps to recover the inadvertently produced material from all recipients and reissuing the materials with the appropriate confidentiality designation to only Qualifying Recipients. It shall be understood, however, that no person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a designation. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of confidentiality, if appropriate, within a reasonable time after receiving notification of the inadvertent or mistaken disclosure.

28. In the event of an inadvertent disclosure of another party's Designated Material to a person other than a Qualified Recipient, the party making the inadvertent disclosure shall, promptly upon learning of the disclosure: (i) notify the person to whom the disclosure was made that it contains Designated Material subject to this Order; (ii) make all reasonable efforts to preclude dissemination or use of the Designated Material by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the non-Qualified Recipient; and (iii) notify the Designating Party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken

Case 7:25-cv-10082-KMK Document 23 Filed 10/21/26 Page 15 of 20

to ensure against the dissemination or use of the information.

29. Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, the deliberative process privilege, the government informant's privilege, the work product doctrine, or any other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver. If a Designating Party becomes aware that it has inadvertently produced information protected by the attorney-client privilege, the deliberative process privilege, the government informant's privilege, the work product doctrine, or any other privilege or immunity, the Designating Party will promptly notify each receiving party in writing of the inadvertent production. When a party receives notice of such inadvertent production, it shall return all copies of inadvertently produced material within three business days. Any notes or summaries referring or relating to any such inadvertently produced material subject to claims of privilege or immunity shall be destroyed forthwith. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege, the deliberative process privilege, the government informant's privilege, the work product doctrine, or any other applicable privilege designation by submitting a challenge to the Court. The Designating Party bears the burden of establishing the privileged nature of any inadvertently produced information or material. Each receiving party shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the Parties or by the Court. If a receiving party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, counsel for the receiving party shall immediately take steps to: (i) stop reading such information or materials; (ii) notify counsel for the Designating Party of such information or materials; (iii) collect all copies of such information or materials; (iv) return such information or materials to the Designating Party; and

Case 7:25-cv-10082-KMK Document 23 Filed 10/21/26 Page 16 of 20

(v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct.

30. The foregoing is entirely without prejudice to the right of any person or entity at any time to apply to the Court for any further protective order relating to Designated Material; or to object to the production of Designated Material; or to apply to the Court for an order compelling production of Designated Material; or to apply for modification of this Order by stipulation or Order of the Court; or to seek any other relief from the Court.

31. The Parties shall serve a copy of this Order simultaneously with any discovery request made to a third party during the above-captioned litigation.

32. All notices that this Order requires to be sent to a particular party shall be sent via email to counsel for that party.

33. This Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

34. Notwithstanding any provisions of this Order to the contrary, the Parties recognize and acknowledge that the Department:

a. May disclose to other state or federal governmental agencies, both civil and criminal, any material within its possession, including any Designated Material covered by this Order, provided that the Department provides a copy of this Order to any agency receiving material covered by this Order;

b. May be subject to requests calling for the disclosure of material covered by the Order pursuant to the Freedom of Information Act and on other bases, in which case

Case 7:25-cv-10082-KMK Document 23 Filed 10/21/26 Page 17 of 20

the Department will provide reasonable notice of any such request in writing to the producing party in order to: (i) give the producing party an opportunity to object in writing to the Department's disclosure of such material pursuant to 29 C.F.R. § 70.26, and (ii) give the producing party an opportunity to apply to the Court for enforcement of this Order; and

c. As set forth in paragraph 25, will not destroy or return Designated Material provided to the Department to the extent that returning or destroying such material would violate any applicable policy, regulation, or law, including, but not limited to, the Freedom of Information Act and Federal Records Act.

35. The restrictions imposed by this Order may be modified or terminated only by further order of the Court. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation, including through any appeal.

36. The Court also hereby authorizes the Parties to produce, in accordance with the provisions governing Confidential Health Information in this Order, documents concerning the denial of claims that are at issue in this action. To the extent that any federal or state laws require the Parties to obtain a Court order to produce these documents, given that they may involve mental health and substance abuse treatment (*see, e.g.*, Wis. Admin. Code DHS § 92), this Order hereby satisfies this requirement. In authorizing and ordering production of the administrative record, this Order is without prejudice to any Party's right to request additional information that may be considered Confidential Health Information (or the other Party's right to object to any such request).

IT IS SO ORDERED, this the 20th day of October, 2026.

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

# Appendix A

Case 7:25-cv-10082-KMK Document 23 Filed 10/21/26 Page 19 of 20

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| KEITH SONDERLING, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>BONAMOUR HEALTH GROUP, LLC; BONAMOUR HEALTH GROUP HEALTH PLAN; YESHAYAHU ZIDELE AKA SHAYA ZIDELE; and MORDECHAI ZIDELE AKA MORDECAI ZIDELE AKA MICHAEL ZIDELE,<br><br>Defendants. | : | Civil Action No. 7:25-cv-10082 (KMK) |

I, ______________________________, declare that:

1. My address is ______________________________.

My current employer is ______________________________.

My employer's address is ______________________________.

My current occupation is ______________________________.

2. I have received a copy of the Discovery Protective Order ("Order") in this action. I have carefully read and understand the provisions of the Order.

3. I will comply with all of the provisions of the Order and agree to be bound by the Order. I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for purposes of this action any Designated Material that is disclosed to me.

4. I will hold in confidence and not disclose to anyone not qualified under the Order any Designated Material or any words, summaries, abstracts, or indices of that material that may

be disclosed to me.

5. Promptly upon termination of the above-captioned action, I will either return in full to the outside counsel for the party by whom I am employed or completely destroy all Designated Material that came into my possession, and all documents and things that I have prepared relating thereto.

6. I understand that the obligations of this undertaking and the provisions of the Order continue past the termination of the action.

7. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature___________________________________

Date_______________________________________